## S08Y0741. IN THE MATTER OF JAMES H. BONE.
### (657 SE2d 244)

PER CURIAM.

This disciplinary matter is before the Court on James H. Bone's petition for voluntary discipline in which he admitted conduct that violated Rule 3.3 (a) (1) ("A lawyer shall not knowingly make a false statement of material fact or law to a tribunal") and Rule 3.4 (f) ("A lawyer shall not . . . request a person other than a client to refrain from voluntarily giving relevant information to another party . . .") of the Georgia Rules of Professional Conduct. The State Bar states it has no objection to the petition.

The record shows that Bone was the Standing Chapter 13 Trustee for the U. S. Bankruptcy Court of the Northern District of Georgia and in that role he conducted a settlement conference and made a tape recording of that conference with the knowledge of the participants. During the conference he agreed to contact the creditors

of the Chapter 13 debtor's former wife, who had appeared as a creditor of the Chapter 13 debtor, to explain her financial difficulties as the result of her failure to receive payments through the bankruptcy case. After a settlement agreement was executed by the parties, the debtor's former wife asked Bone's assistant for a copy of the recording of the settlement conference, and the assistant prepared a compact disc of the recording and a cover letter for Bone's signature. However, Bone destroyed the disc, did not send the letter, and instructed his staff to delete the original recording from the computer system. When the former wife later filed a motion to rescind the settlement agreement which had been filed with the court, Bone filed a responsive pleading stating that no recording of the settlement conference existed due to mechanical error. Following an investigation by the Office of the United States Trustee, Bone amended his response to acknowledge he had instructed his staff to delete the recording and to inform the court that a digital copy had been found. Pursuant to the court's order, Bone provided the former wife with a transcript of the conference.

The maximum sanction for a violation of Rules 3.3 and 3.4 is disbarment. However, several mitigating factors are present: Bone has no prior disciplinary history; Bone admitted his conduct upon inquiry by the United States Trustee's Office; Bone corrected the misrepresentation to the court; and Bone did not obtain any financial or other gain by his misconduct. Therefore, we accept the petition for voluntary discipline and hereby direct that Bone be suspended from the practice of law for a period of three months from the date of this opinion. Bone is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Three-month suspension. All the Justices concur, except Hunstein, P. J., and Thompson, J., who dissent.*

DECIDED FEBRUARY 11, 2008.

*William P. Smith III, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar,* for State Bar of Georgia. *Schreeder, Wheeler & Flint, David H. Flint,* for Bone.